ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
　Federal Courthouse, 14th Floor
　312 North Spring Street
　Los Angeles, California 90012
　Telephone: (213) 894-5710
　Facsimile: (213) 894-7177
　E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REAL PROPERTIES IN LOS ANGELES, CALIFORNIA AND LAS VEGAS, NEVADA,<br><br>　　　　Defendants. | No. CV11 07920<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>[18 U.S.C. § 981(a)(1); 21 U.S.C. § 881(a)(6) & (7); and 31 U.S.C. 5317(c)(2)]<br><br>[ICE] |

　　The United States of America brings this claim against the defendants Real Property in Los Angeles, California and Las Vegas, Nevada, which are more particularly described below, and alleges as follows:

1

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1), 21 U.S.C. § 881(a) (6) and (7), and 31 U.S.C. § 5317(c) (2).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. Plaintiff in this action is the United States of America ("plaintiff" or the "Government").

5. The defendants are real property located in Los Angeles, California and Las Vegas, Nevada ("defendant properties"). The legal descriptions of the defendant properties are as follows:

A. The Genesta Avenue Property (located in Los Angeles, California):

The real property in the City of Los Angeles, County of Los Angeles, State of California, described as Lot 7 of Tract No. 20778, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 568, Pages 17 and 18 of Maps, in the Office of the County Recorder of Los Angeles County, California.

APN# 2258-028-001.

B. The Las Vegas Boulevard property (located in Las Vegas, Nevada):

All that certain property situated in the County of Clark, and State of Nevada and being described as Unit 4425 as shown on the final Map of Cosmopolitan (West Tower) filed in Book 142 of Plats, Page 84, in the official records of the County Recorder, Clark County, Nevada ("Map"), and as defined and set forth in and subject to that certain declaration of covenants, conditions and restrictions and reservation of easements for the Cosmopolitan of Las Vegas West Tower, recorded January 13, 2011 as Instrument No. 2556 in Book 20110113, Official Records, Clark County, Nevada ("Declaration");

Together with an undivided allocated interest in and to the common elements, as set forth in, and subject to, the Map and the Declaration;

Together with a non-exclusive easement for ingress to and egress from the Unit, as set forth in, and subject to, the Map and the Declaration.

APN# 162-20-617-137.

6. Title to the Genesta Avenue Property is held in the name of Lilit Davtyan. A deed of trust to secure the payment of $600,000.00 was recorded against the property on January 11, 2011 in favor of PMC Bancorp. The government does not seek to forfeit the interest of PMC Bancorp in the Genesta Avenue property.

7. Title to the Las Vegas Boulevard property is held in the name of Lilit Davtyan. There is no current lien on the property.

8. The interests of Lilit Davtyan ("L. Davtyan"), Sarkis Dishyan ("Dishyan"), Armen Ayrapetyan ("A. Ayrapetyan") and Anush Davtyan ("A. Davtyan") may be adversely affected by these proceedings.

9. As set forth in more detail below the government alleges that the defendant properties are subject to forfeiture because they were acquired with the proceeds of (A) health care fraud; (B) transactions in controlled substances; (C) mortgage fraud; (D) structured deposits into bank accounts; and (E) money laundering. In addition, the government alleges that the Genesta Avenue Property facilitated transactions in controlled substances.

**EVIDENCE SUPPORTING FORFEITURE**

**A. Health Care Fraud**

10. An investigation into a number of doctors with unusually high Medicare billings revealed that several individuals, including A. Ayrapetyan and A. Davtyan ("Ayrapetyan/Davtyan"), employed several physicians who submitted false claims to Medicare for physician services (such as medical exams that were never conducted).

11. The doctors and physician assistants who worked at these clinics and participating in the conduct described herein included Asha Amir-Jahed, M.D.; Joseph Garfinkel, M.D.; Boniface Onuba, M.D.; Janis Owens, M.D.; Ray Salari, M.D.; and David Niknia, P.A. These physicians worked at clinics that Ayrapetyan/Davtyan owned, including those located at 7033 Reseda Blvd., Reseda, California, ("7033 Reseda"); 7035 Reseda Blvd., Reseda California,

3

("7035 Reseda"); 16927-4 Vanowen St., Ste. 4, Northridge, California; 16935 Vanowen St., Ste. H, Northridge California, ("16935 Vanowen"); 8121 Van Nuys Blvd, Ste. 414, Los Angeles, California; 18107 Sherman Way, Ste. 205, Reseda, California; and 8619 Reseda Blvd., Northridge, California, ("8619 Reseda").

12. Thus far the investigation has yielded evidence that:

   a. Amir-Jahed, Salari, and Garfinkel submitted claims on behalf of sixteen Medicare beneficiaries, none of whom had seen the billing physician or been to these doctors' clinics. The amounts billed by the doctors for services known not to have been performed included $11,069.00 (Garfinkel); $21,066.00 (Amir-Jahed); and $41,286 (Salari).

   b. 38 of the beneficiaries billed by Amir-Jahed, Onuba, Owens, and Salari were deceased before the date of the purported medical service provided by these doctors. The fraudulent Medicare claims submitted as a result included $24,360.00 billed by Amir-Jahed and $31,141 billed by Salari.

13. Based on this representative sample of false claims, the government alleges that the actual dollar amount of false claims submitted by physicians working for the enterprise is significantly larger than currently known.

B. **Transactions in Controlled Substances**

14. The investigation also revealed that physicians employed by Ayrapetyan/Davtyan improperly prescribed Oxycodone and other controlled substances on several occasions. For example, in 2011 A. Davtyan told a Confidential Informant ("CI") that she (A. Davtyan) uses "dirty" doctors who write Oxycodone prescriptions. The CI stated that A. Davtyan pays doctors $50,000 to write prescriptions at A. Davtyan's direction, and charges patients $500 per prescription. In March of 2011 the CI purchased from A. Davtyan 25 bottles (each containing 240 30-mg tablets) of Oxycodone for approximately $2,500 per bottle (for a total of $62,500).

The CI purchased bottles of Oxycodone regularly from A. Davtyan and has purchased as many as 200 bottles at one time. These purchases occurred at the clinics located at 7033/7035 Reseda; 8619 Reseda; 16935 Vanowen; and 16942 Vanowen St. The CI observed approximately $5,000,000 of United States currency at the Genesta Avenue Property (the residence of A. Davtyan and A. Ayrapetyan). The CI stated that A. Davtyan often kept cash there, either in large trash bags or in a safe she has in her bedroom.

15. The trash at the Genesta Avenue Property was searched on July 14 and 28, 2011. These searches yielded evidence of Oxycodone prescriptions written by multiple doctors for individuals known not to reside there. Many of these prescriptions were for the same patients and filled within one week of each other. Drs. Garfinkel, Lifson, Onuba, and Salari had issued the prescriptions, which covered the period from June 30, 2011 to July 29, 2011, and reflected a total of 6,480 pills (at 30 mg each) of Oxycodone having a value of approximately $65,000.

16. On July 28, 2010, a Simi Valley undercover detective ("UC") purchased two prescriptions for Oxycontin, using fictitious names, from "Shorty" at the 8619 Reseda clinic using DEA Official Advance Funds ("OAF"). The prescriptions were issued by Dr. Onuba. On July 29, 2010, another CI purchased a prescription for Oxycontin from Shorty at the 8619 Reseda clinic, using DEA OAF. In each instance, neither the UC nor the CI saw any doctor at the clinic; they simply paid funds and obtained the Oxycontin prescriptions.

C. **Payment of Funds Derived From Health Care Fraud and Controlled Substance Transactions to A&T Medical Services and Neuron Diagnostics**

17. Termine Ovsepyan ("Ovsepyan") is (A) A. Davtyan's niece; and (B) the signatory on a Bank of America business checking account in the name of A&T Medical Services ("A&T Medical"). A. Ayrapetyan is the sole signatory on a Bank of America checking account in the business name of Neuron Diagnostics. Neither Neuron Diagnostics nor A&T Medical appear to

have a legitimate business purpose and both entities received money from the bank accounts of several of the physicians identified above. Specifically:

    A.    Amir-Jahed deposited Medicare reimbursement payments into his Union Bank checking account. In 2010 and 2011, Amir-Jahed wrote checks totaling $181,000 and $36,000 on this account payable to A&T Medical and Neuron Diagnostics, respectively.

    B.    Garfinkel deposited Medicare reimbursement payments into a Bank of America checking account. In 2010, Garfinkel wrote checks on this account to Neuron Diagnostics totaling $51,079.79. In 2010 and 2011, Garfinkel wrote checks on the Bank of America account to A&T Medical totaling $74,380.40.

    C.    Salari deposited Medicare reimbursement payments to a Bank of America checking account. In 2010 and 2011, Salari wrote checks totaling $128,000 and $264,222.09 payable to Neuron Diagnostics and A&T Medical, respectively.

    D.    Owens is the signatory on a checking account upon which six checks totaling $57,001.39 were written to A&T Medical in 2009 and 2010.

**D.    Payments by A&T Medical and Neuron Diagnostics to Central Avenue Billiard**

18.    Neuron Diagnostics and A&T Medical distributed a portion of the funds described above to an entity called Central Avenue Billiard for the purpose of facilitating the acquisition of the defendant properties. Central Avenue Billiard is owned by L. Davtyan and is purportedly a billiard hall but is not in fact operating as a legitimate business. IRS records show that no returns have been filed on behalf of Central Avenue Billiard for either 2010 or 2011. From October 2010 to June 2011, twelve checks drawn on A&T Medical accounts and totaling $526,485.74 were deposited into a Chase bank account maintained by Central Avenue Billiard.

6

The checks were drawn on A&T Medical checking accounts at Bank of America and Wells Fargo Bank and were for $57,891.19 (October 5, 2010); $64,291.33 (October 5, 2010); $70,317.47 (October 5, 2010); $49,377.96 (November 15, 2010); $43,291.11 (December 3, 2010); $37,759.10 (December 28, 2010); $39,251.00 (December 28, 2010); $43,951.13 (December 28, 2010); $29,341.12 (May 24, 2011); $19,733.21 (May 27, 2011); $23,710.00 (June 8, 2011); and $47,571.12 (June 21, 2011). In addition, Neuron Diagnostics paid Central Avenue Billiard $50,000.00 in the form of a cashier's check, dated December 30, 2010.

### E. Structured Deposits to Central Avenue Billiard Chase Account

19. Sedrak Ayrapetyan ("S. Ayrapetyan"), a relative of A. Ayrapetyan, structured funds into Central Avenue Billiard's Chase checking account. Specifically, he made cash deposits totaling $52,500 to the Central Avenue Billiard for $5,000 (April 19, 2011); $5,000 (April 20, 2011); $9,500 (April 21, 2011); $8,000 (April 22, 2011); $6,000 (April 28, 2011); $9,750 (May 9, 2011); and $9,300 (May 10, 2011).

### F. Proceeds from Loan Fraud Received By Central Avenue Billiard

20. Central Avenue Billiard also received proceeds from a separate loan fraud scheme. Specifically:

    a. In order to refinance an existing mortgage loan for another residence located on Genesta Avenue, in Encino, California,[1] Marietta Ter-Abelian ("Ter-Abelian") provided to Bank of the West ("BOTW") her 2008 and 2009 W-2s and Federal tax returns. These W-2s show that she worked for United Labs, Inc. both years and that her wages were $209,208 in 2008 and $215,904 in 2009.

    b. The Federal tax returns actually filed by Ter-Abelian for the 2008 and 2009 tax years included W-2s that were completely different from the W-2s submitted to BOTW. The W-2s for 2008 and 2009 both showed income of less than $20,000 per year,

---

[1] This is not the same Genesta property as the defendant Genesta property.

and the employer listed on the W-2s filed with the IRS was different from the W-2s submitted to BOTW.

c.  On or about January 8, 2011, BOTW approved and funded two mortgage loans for Ter-Abelian that were completed simultaneously: a first mortgage for $712,000 and a Home Equity Line of Credit ("HELOC") for $450,000.

d.  On or about January 13, 2011, Ter-Abelian transferred $230,000 from the HELOC to her personal checking account with BOTW. On or about January 15, 2011, Ter-Abelian wrote a check drawn on her BOTW checking account payable to Hamlet Aleksanyan ("Aleksanyan") for $200,000. On or about January 18, 2011, these fraudulently obtained funds were deposited into Aleksanyan's account at Bank of America. On June 6, 2011, a Federal Seizure Warrant was approved by the Honorable Magistrate Judge Arthur Nakazato and the $200,000 was seized from Aleksanyan's account.

e.  On or about April 16, 2011, Ter-Abelian wrote a $200,000 check drawn on her BOTW HELOC and payable to Central Avenue Billiard. This check was deposited into Central Avenue Billiard's Chase account.

**H.  Tracing of Illegal Proceeds to Defendant Properties**

1.  <u>Genesta Avenue Property</u>

21. On July 15, 2009, a Grant Deed to the Genesta Avenue Property was recorded in the name of L. Davtyan. In January 2011, L. Davtyan signed a Uniform Residential Loan Application to refinance the existing lien on the Genesta Avenue Property. At that time, the lien on the property was approximately $1,016,000.

22. Central Avenue Billiard purchased two Cashier's checks, one for $400,000 and one for $33,000, both payable to LSB Escrow, from Central Avenue Billiard's Chase checking account, to refinance the Genesta Avenue Property. On L. Davtyan's loan documents, she stated

8

that this $400,000 cashier's check came from a different bank account (her personal Chase checking account). The particular account which she claimed to be the source of the $400,000 and which she claimed had an approximate balance of $800,000 at the time of the refinance, actually only had a balance of approximately $18,000. As part of the refinancing process, L. Davtyan submitted Chase cashier's checks in the following amounts to LSB Escrow: $400,000.00 (December 17, 2010) and $33,000.00 (December 29, 2010).

23. The source of the funds used to purchase the cashier's checks was Central Avenue Billiard's Chase bank account. As described above, this account contained the proceeds of unlawful activity which had previously been deposited in the A&T Medical and Neuron Diagnostics accounts, including deposits from A & T Medical Services totaling $526,485.74, and a deposit of $50,000.00 from Neuron Diagnostics.

24. Based on the facts set forth above, including the fact that (A) Central Ave Billiard does not appear to have engaged in any type of legitimate business activity, and (B) all of the identified deposits into Central Avenue Billiard's Chase account are directly connected to the Medicare fraud scheme and to transactions in controlled substances described above, the government alleges that the deposits into this account are also proceeds of unlawful activities.

25. In addition to the identified deposits from A & T Medical, an additional deposit was made into Central Ave Billiard's Chase account on December 28, 2010, for $49,377.95. Although the source of this payment is currently unidentified, it is virtually identical in amount to a deposit of $49,377.96, dated November 15, 2010, from A & T Medical (as identified in paragraph 18). The government therefore alleges that this deposit, made on the same day as three other deposits from A & T Medical, represents proceeds from the unlawful activity described above.

26. The two cashier's checks, totaling $433,000.00, were used to bring the amount of the refinanced loan on the Genesta Avenue Property down to $600,000. Approximately

$15,500.00 went to pay the borrower's settlement costs. The result of the transactions regarding the Genesta Avenue Property was to increase L. Davtyan's equity in the property by over $400,000.00.

2. Las Vegas Boulevard Property

27. On May 25, 2011, a grant deed to the Las Vegas Boulevard, Las Vegas, Nevada property was recorded in the name of L. Davtyan. L. Davtyan purchased this property for $965,500.00 in cash.

28. In connection with the purchase of the Las Vegas Boulevard property, wire transfers for the benefit of L. Davtyan and Dishyan were made from Central Avenue Billiard to First American Title, in the amounts of $250,000.00 (May 3, 2011); 17,000.00 (May 12, 2011); $3,000.00 (May 12, 2011); $73,247.81(May 3, 2011); and $10,000.00 (May 12, 2011).

29. Based on the foregoing, the government alleges that the payments from Central Avenue Billiard, totaling $353,247.81 and deposited into escrow towards the purchase of the Las Vegas Blvd. Property, are the proceeds of the unlawful activity described above.

30. Based on the foregoing, the government alleges that the defendant properties are traceable to violations of 18 U.S.C. § 1347 (health care fraud), 18 U.S.C. § 1956(a)(1) (money laundering), 21 U.S.C. § 841(a)(1) (transactions in controlled substances), and 31 U.S.C. § 5324 (structuring), and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 21 U.S.C. § 881(a)(6), and 31 U.S.C. § 5317(c)(2). In addition, the government alleges that the Genesta Avenue Property facilitated transactions in controlled substances in violation of 18 U.S.C. § 841(a) (1) and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a) (7).

Wherefore, the United States prays that:

a. due process issue to enforce the forfeiture of the defendant properties;

b. due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

c. this court decree forfeiture of the defendant properties to the United States of America for disposition according to law; and

d. for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: September 22, 2011

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Frank D. Kortum
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Michael Walfield, hereby declare that:

1. I am a Special Agent of the Internal Revenue Service, and am the case agent for the above-entitled matter, *United States of America v. Real Properties located in Los Angeles, California and Las Vegas, Nevada.*

2. I have read the foregoing Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law-enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 23, 2011 in Los Angeles, California.

*/s/ Mike Walfield*

_____
MICHAEL WALFIELD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV11- 7920 DSF (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
REAL PROPERTY IN LOS ANGELES, CALIFORNIA AND LAS VEGAS, NEVADA

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
FRANK D. KORTUM, Assistant United States Attorney
California Bar Number 110984
Federal Courthouse, 14th Floor, 312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-384-5710, Facsimile: (213) 894-7177

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. 981 (a)(1); 21 U.S.C. 881 (a)(6) & (7); and 31 U.S.C. 5317(c)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11 07920

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 9/23/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  California Bar Number 110984
    Asset Forfeiture Section
 7       1400 United States Courthouse
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-5710
 9       Facsimile: (213) 894-7177
         E-mail: Frank.Kortum@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV11 07920 DSF VBKx |
| Plaintiff, ) | |
| v. ) | **NOTICE** |
| REAL PROPERTY IN LOS ANGELES, ) CALIFORNIA AND LAS VEGAS, ) NEVADA, ) | |
| Defendants. ) | |

In obedience to a Warrant of Arrest In Rem to me directed, in the above-entitled cause, I have, on the ___ day of _____, 2011, seized and taken into my possession, the following described defendant, to wit: Real Property in Los Angeles, California and Las Vegas, Nevada, for the cause set forth in the Complaint, to wit: violation of federal laws, now pending in the

1 United States District Court for the Central District of
2 California, at Los Angeles, California.  Amount demanded is the
3 sum of $-0-, plus interest and costs.
4     I HEREBY GIVE NOTICE to any person who claims an interest in
5 the above-described defendant that, pursuant to Rule G(5) of the
6 Supplemental Rules for Admiralty or Maritime Claims and Asset
7 Forfeiture Actions of the Federal Rules of Civil Procedure, said
8 person must file with the Clerk of the United States District
9 Court at Los Angeles, California and serve upon the attorney for
10 the plaintiff, a verified Claim identifying the property claimed
11 and his or her interest in the property not later than thirty-
12 five (35) days after the date of service of the Complaint, or
13 within such additional time as the court may allow; that said
14 person must file and serve an Answer within twenty-one (21) days
15 after the filing of the verified Claim; that if notice was
16 published but direct notice was not sent to said person or to
17 said person's attorney, the Claim must be filed no later than
18 sixty (60) days after the first day of publication on an official
19 internet government forfeiture site or legal notice under Rule
20 G(4)(a); and that all interested persons must file verified
21 Claims and Answers within the time so fixed; otherwise, default
22 may be entered and forfeiture ordered of the interest in the
23 defendant of any person not so complying.  Applications for
24 intervention under Rule 24 of the Federal Rules of Civil
25 Procedure by persons claiming maritime liens or other interests
26 shall be filed within the time fixed by the court.  A claim filed
27 by a person asserting an interest as a bailee must identify the
28 bailor, and if filed on the bailor's behalf must state the

1 | authority to do so.
2 |     Pursuant to General Order 10-07 of the United States
3 | District Court for the Central District of California, this
4 | action is subject to the Electronic Case Filing ("ECF") System.
5 | ECF User Registration Forms may be obtained from the Court.
6 |     Please check http://www.forfeiture.gov for a listing of all
7 | judicial forfeiture notices.
8 |     Plaintiff's attorney is Assistant United States Attorney
9 | Frank D. Kortum, 312 North Spring Street, 14th Floor, Los
10 | Angeles, California 90012, (213)894-5710.
11 |     The custodian of the defendant U. S. Currency is the United
12 | States Marshals Service, 255 East Temple Street, Suite 4128, Los
13 | Angeles, California 90012, (213) 894-7904.

DATED: This \_\_\_\_ day of _____, 2011.

                                DAVID M. SINGER
                                UNITED STATES MARSHAL

                                _____
                                U.S. MARSHAL REPRESENTATIVE