JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTIES IN LOS ANGELES, CALIFORNIA AND LAS VEGAS, NEVADA, <br><br> Defendants. <br><br> ANUSH DAVTYAN AND LILIT DAVTYAN <br><br> Claimants. | Case No. 2:11-CV-07920-PJW <br><br> Consolidated with Case No. 2:15-cv-03892-DOC (VBKx) <br><br> **CONSENT JUDGMENT OF FORFEITURE** |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| $298,701.00 IN U.S. CURRENCY AND 168 PIECES OF MISCELLANEOUS JEWELRY, | |
| Defendants. | |
| LILIT DAVTYAN, | |
| Claimant. | |

Pursuant to the stipulation and request of Plaintiff United States of America and Claimants Lilit Davtyan ("L. Davtyan") and Anush Davtyan ("A. Davtyan"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about September 23, 2011, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified Complaint For Forfeiture in <u>United States of America v. Real Properties Located in Los Angeles, California and Las Vegas, Nevada</u>, Case No. CV 11-07920-DOC (the "<u>Real Property Forfeiture Litigation</u>") alleging that defendants Real Properties Located In Los Angeles, California and Las Vegas, Nevada (collectively the "Defendant Real Properties") are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1), 21 U.S.C. § 881(a)(6) and (7) and 31 U.S.C § 5317(c)(2).

On or about May 22, 2015, Plaintiff filed a Verified Complaint For Forfeiture in <u>United States of America v. $298,701.00 in U.S. Currency and 168 Pieces of Miscellaneous Jewelry</u>, Case No. CV 15-0392 (the "<u>$298,701.00 Forfeiture Litigation</u>"), alleging that the defendants $298,701.00 In U.S. Currency (the "Defendant Currency")
///

and 168 Pieces Of Miscellaneous Jewelry (the "Defendant Jewelry") are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Pursuant to orders filed December 21, 2015 in the Real Property Forfeiture Litigation (docket no. 41) and the $298,701.00 Forfeiture Litigation (docket no. 28), the Real Property Forfeiture Litigation was consolidated with the $298,701.00 Forfeiture Litigation, the parties were instructed that all future filings were to filed only in the Real Property Forfeiture Litigation (i.e., the low-numbered case), and the $298,701.00 Forfeiture Litigation was closed as of December 21, 2015.

The defendant Real Property Located In Los Angeles, California in the Real Property Forfeiture Litigation (the "Defendant Los Angeles Real Property") is titled in the name of Lilit Davtyan, a single woman, and has Assessor Parcel Number 2258-028-001 and the following legal description:

> THE REAL PROPERTY IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS LOT 7 OF TRACT NO. 20778, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 568, PAGES 17 AND 18 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA.

The defendant Real Property Located in Las Vegas, Nevada (the "Defendant Las Vegas Real Property") is titled in the name of Lilit Davtyan, a married woman, and has Assessor Parcel Number 162-20-617-137 and the following legal description:

> ALL THAT CERTAIN PROPERTY SITUATED IN THE COUNTY OF CLARK, AND STATE OF NEVADA AND BEING DESCRIBED AS UNIT 4425 AS SHOWN ON THE FINAL MAP OF COSMOPOLITAN (WEST TOWER) FILED IN BOOK 142 OF PLATS, PAGE 84, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("MAP"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE COSMOPOLITAN OF LAS VEGAS WEST TOWER, RECORDED JANUARY 13, 2011 AS INSTRUMENT NO. 2556 IN BOOK 20110113, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("DECLARATION");
>
> TOGETHER WITH AN UNDIVIDED ALLOCATED INTEREST IN AND TO THE COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE MAP AND DECLARATIONS;

TOGETHER WITH A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS FROM THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE MAP AND THE DECLARATION.

The Defendant Jewelry in the $298,701.00 Forfeiture Litigation consists of the 168 pieces of jewelry more specifically identified in Exhibit A attached to the complaint filed May 22, 2015 in the $298,701.00 Forfeiture Litigation.

On or about January 12, 2012 (i) A. Davtyan and L. Davtyan filed in the Real Property Forfeiture Litigation their respective claims to the Defendant Los Angeles Real Property; and (ii) L. Davtyan filed in the Real Property Forfeiture Litigation a claim to the Defendant Las Vegas Real Property.

On or about July 9 and 30, 2015, respectively, L. Davtyan filed a claim in the $298,701.00 Forfeiture Litigation to the Defendant Currency and Defendant Jewelry and an answer to the complaint.

Other than the claims filed by L. Davtyan and A. Davtyan in the Real Property Forfeiture Litigation and claim and answer filed by L. Davtyan in the $298,701.00 Forfeiture Litigation, no other person has filed a claim or answer or otherwise appeared in those proceedings and the time for filing claims and answers has expired.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of the consolidated cases and the parties to this Consent Judgment of Forfeiture.

2. The Complaints for Forfeiture in the Real Property Forfeiture Litigation and the $298,701.00 Forfeiture Litigation state claims for relief pursuant to 18 U.S.C. § 981(a)(1), 21 U.S.C. § 881(a)(6) and (7) and 31 U.S.C § 5317(c)(2).

3. Notice of this action has been given as required by law. No appearances have been made in the Real Property Forfeiture Litigation or the $298,701.00 Forfeiture Litigation by any persons other than A. Davtyan and L. Davtyan. The Court deems that

4

all other potential claimants admit the allegations of the Complaints for Forfeiture to be true.

4. The United States of America shall have judgment as to the interests of L. Davtyan and all other potential claimants as to the Defendant Currency, which funds shall be condemned and forfeited to the United States of America. The United States of America shall dispose of the Defendant Currency in accordance with law.

5. Within ninety (90) days after this Consent Judgment of Forfeiture is filed, L. Davtyan shall pay the United States of America $118,215.00 (one hundred eighteen thousand two hundred and fifteen dollars), which shall be the substitute res for the Defendant Jewelry, except for the potentially returned jewelry items identified in paragraph 8 below, in the $298,701.00 Forfeiture Litigation. The $118,215.00 shall be paid via a cashier's check payable to the United States Marshals Service (or in any other manner agreed to in writing by the United States Attorney's Office following the filing of this Consent Judgment of Forfeiture) and delivered to the Assistant United States Attorney signing the stipulation (or any other Assistant United States Attorney as designated in writing by the United States Attorney's Office following the filing of this Consent Judgment of Forfeiture) which requested entry of this Consent Judgment of Forfeiture.

6. Should L. Davtyan timely make the $118,215.00 payment in full and in the manner provided by this Consent Judgment of Forfeiture, (i) the United States of America shall return to L. Davtyan ten of the jewelry items (collectively, the "Returned Jewelry Items" and identified in paragraph 8 below) which comprise the Defendant Jewelry; and (ii) the United States of America shall have judgment as to the interests of L. Davtyan and all other potential claimants against the $118,215.00 as the substitute res for the remaining 158 jewelry items which comprise the Defendant Jewelry, which funds shall be condemned and forfeited to the United States of America and disposed of by the United States of America in accordance with law.

///

1 | 7. However, should L. Davtyan fail to timely make the $118,215.00 payment in full and in the manner provided by this Consent Judgment of Forfeiture, the following shall apply:

    a. The United States of America shall file a statement which provides that L. Davtyan has failed to timely make the $118,215.00 payment in full and in the manner provided by this Consent Judgment of Forfeiture.

    b. The United States of America shall have judgment as to the interests of L. Davtyan and all other potential claimants against the Defendant Jewelry, which shall be condemned and forfeited to the United States of America and disposed of by the United States of America in accordance with law.

8. The Returned Jewelry Items consist of the following, with the numbers corresponding to the order in which the jewelry items appear on Exhibit A attached to the complaint filed May 22, 2015 in the $298,701.00 Forfeiture Litigation: (#19) 18K YG and platinum lady's ring w/diamonds; (#21) 14K YG lady's vintage ring w/oval cabochon "oxblood" coral stone; (#27) 14K two-tone gent's diamond ring in square plate flanked by channel set diamonds; (#28) 14K YG gent's ring w/5 channel set round diamonds; (#109) 14K YG lady's vintage bracelet-watch w/oval cabochon semi-crystal opals; (# 110) 14K YG lady's vintage bracelet-watch w/star set diamonds; (#111) Platinum lady's diamond ring; (#116) Boctok 14K pink gold gent's watch; (#160) 14K YG and WG solitaire engagement ring set in a buttercup head; and (#163) 14K YG emerald-cut peridot lady's ring w/prong set melee diamonds.

9. As used in paragraph 6 above, the United States of America's "return" of the Returned Jewelry Items refers to and requires only that the United States of America make those items available for pickup by L. Davtyan or her designee. In making arrangements for the pickup of the Returned Jewelry Items, the United States of America may contact L. Davtyan through her attorney of record, via email or otherwise, as follows: Mark J. Geragos, Geragos & Geragos, 644 S Figueroa Street, Los Angeles, CA 90017, mark@geragos.com, telephone (213) 625-3900, facsimile (213) 625-1600.

10. The United States of America shall have judgment as to the interests of L. Davtyan and all other potential claimants in the Defendant Las Vegas Real Property, which is hereby condemned and forfeited to the United States of America. With respect to the Defendant Las Vegas Real Property, the Clark County Recorder shall index this judgment in the grantor index under the name of Lilit Davtyan, a married woman as her sole and separate property, and in the grantee index under the name of the United States of America.

11. Title having vested in the United States of America with respect to the Defendant Las Vegas Real Property, the United States of America shall proceed to dispose of the Defendant Las Vegas Real Property in accordance with law. Upon disposition of the Defendant Las Vegas Real Property, the proceeds of the sale of the Defendant Las Vegas Real Property, to the extent such amounts are available, shall be payable in the following priority:

    a. first, payment to the United States (including its agency the Internal Revenue Service) for all expenses incurred relative to the Defendant Las Vegas Real Property including, but not limited to, expenses of custody, advertising and sale;

    b. second, payment to the County Assessor and Tax Collector of Clark County, Nevada for any unpaid real property taxes assessed against the Defendant Las Vegas Real Property up to the date of filing of this Consent Judgment of Forfeiture; and

    c. third, payment to the Internal Revenue Service, which shall deposit and dispose of the remaining proceeds from the sale of the Defendant Las Vegas Real Property in accordance with law.

12. Any occupants of the Defendant Las Vegas Real Property are hereby ordered to vacate the Defendant Las Vegas Real Property within two weeks after receiving notice of this Consent Judgment of Forfeiture from the United States of America.

13. Within ninety (90) days after this Consent Judgment of Forfeiture is filed, L. Davtyan shall pay the United States of America $642,606.50 (six hundred forty two

thousand six hundred six dollars and fifty cents), which shall be the substitute res for the Defendant Los Angeles Real Property in the <u>Real Property Forfeiture Litigation</u>. The $642,606.50 shall be paid via a cashier's check payable to the United States Department of the Treasury (or in any other manner agreed to in writing by the United States Attorney's Office following the filing of this Consent Judgment of Forfeiture) and delivered to the Assistant United States Attorney signing the stipulation (or any other Assistant United States Attorney as designated in writing by the United States Attorney's Office following the filing of this Consent Judgment of Forfeiture) which requested entry of this Consent Judgment of Forfeiture.

14. Should L. Davtyan timely make the $642,606.50 payment in full and in the manner provided by this Consent Judgment of Forfeiture, the United States of America (i) shall have judgment as to the interests of L. Davtyan, A. Davtyan and all other potential claimants against the $642,606.50 as the substitute res for the Defendant Los Angeles Real Property, which shall be condemned and forfeited to the United States and disposed of by the United States in accordance with law; and (ii) shall record a withdrawal of lis pendens with the Los Angeles County Recorder's office within thirty (30) days after the United States of America's receipt of the payment and agrees not to pursue forfeiture of the Defendant Los Angeles Real Property with respect to any conduct occurring prior to the filing of this Consent Judgment of Forfeiture.

15. However, should L. Davtyan fail to timely make $642,606.50 payment in full and in the manner provided by this Consent Judgment of Forfeiture, the following shall apply:

    a. The United States of America shall file a statement which provides that L. Davtyan has failed to timely make the $642,606.50 payment in full and in the manner provided by this Consent Judgment of Forfeiture.

    b. The United States of America shall have judgment as to the interests of L. Davtyan, A. Davtyan and all other potential claimants against the Defendant Los Angeles Real Property, which shall be condemned and forfeited to the United States of

8

America. With respect to the Defendant Los Angeles Real Property, the Los Angeles County Recorder shall index this judgment in the grantor index under the name of Lilit Davtyan, a single woman, and in the grantee index under the name of the United States of America.

  c. Title having vested in the United States of America with respect to the Defendant Los Angeles Real Property, the United States of America shall proceed to dispose of the Defendant Los Angeles Real Property in accordance with law. Upon disposition of the Defendant Los Angeles Real Property, the proceeds of the sale of the Defendant Los Angeles Real Property, to the extent such amounts are available, shall be payable in the following priority:

    i. first, payment to the United States (including its agency the Internal Revenue Service) for all expenses incurred relative to the Defendant Los Angeles Real Property including, but not limited to, expenses of custody, advertising and sale;

    ii. second, payment to the County Assessor and Tax Collector of Los Angeles, County, California for any unpaid real property taxes assessed against the Defendant Los Angeles Real Property up to the date of filing of this Consent Judgment of Forfeiture;

    iii. third, payment of $642,606.50 to the Internal Revenue Service, Service, which shall deposit and dispose of those proceeds from the sale of the Defendant Los Angeles Real Property in accordance with law; and

    iv. fourth, to L. Davtyan.

  d. Any occupants of the Defendant Los Angeles Real Property are hereby ordered to vacate the Defendant Los Angeles Real Property within two weeks after receiving notice of this Consent Judgment of Forfeiture from the United States of America.

 16. A. Davtyan and L. Davtyan, and each of them, hereby release the United States of America, its agencies, agents, officers, employees and representatives,

including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, the Internal Revenue Service and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which A. Davtyan and L. Davtyan, and each of them, hereby withdraw), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant A. Davtyan and L. Davtyan, or either of them, whether pursuant to 28 U.S.C. § 2465 or otherwise.

17. The Court finds that there was reasonable cause for the institution of these proceedings. This Consent Judgment of Forfeiture shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

18. The Court further finds that neither A. Davtyan nor L. Davtyan substantially prevailed in this action, and the parties hereto shall bear his, her or its own attorney fees and costs.

19. Claimants, and each of them, further agree to execute, as necessary and upon reasonable request by the United States of America, any documents necessary to effect the United States of America's forfeiture of the items as provided under the terms of this Consent Judgment of Forfeiture.

20. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment of Forfeiture.

///

21. The United States of America, A. Davtyan and L. Davtyan consent to this judgment and waive any right to appeal.

Dated: March 26, 2019

_____
HONORABLE PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1